UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60934-Civ-Moreno/Torres

JEFFREY D. BIANCHI,

     Plaintiff,

v.

NATIONWIDE CREDIT, INC.,

     Defendant.

_____/

## PLAINTIFF'S VERIFIED MOTION FOR
## AN AWARD OF COSTS AND ATTORNEY'S FEES

Plaintiff, Jeffrey D. Bianchi, moves the Court for an Order that Defendant, Nationwide Credit, Inc., pay to Plaintiff an award of costs, litigation expense, and attorney's fees for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and in support thereof states as follows:

1.     On June 3, 2010, Plaintiff filed his Complaint (DE 1) alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

2.     Plaintiff herein was represented by Donald A. Yarbrough.

3.     On October 18, 2010, the Court entered a final judgment in favor of Plaintiff. (DE 22). As of the filing of this Motion, Defendant has failed to satisfy the judgment.

4.      Accordingly, Plaintiff is prevailing party and his recovery was excellent. He recovered the maximum amount of damages permitted by law with respect to the FDCPA. Plaintiff sought only statutory damages in this case; he did not seek actual damages.

5.      Plaintiff expects Defendant to argue that the fees should be substantially reduced because the Complaint alleged violation of the TCPA, which does not provide for attorney fees. That argument is, however, flawed, because the fees requested here would have been incurred even if the Complaint did <u>not</u> contain a TCPA or FCCPA violation.

6.      All of the violations Plaintiff alleged in this case arose from the same facts – Defendant's telephone calls to Plaintiff to collect a debt. To reduce fees because of the existence of a claim that did not provide for fees, when no fees are sought for the non-fee bearing claim creates a illusory distinction that unfairly benefits Defendant. The fees sought here are the same fees that would be sought if there was no TCPA or FCCPA claim involved. Plaintiff's reasonable fees attributable to the FDCPA should not be reduced simply because Defendant also violated other laws, i.e. the TCPA and FCCPA.

7.      The situation in this case is similar to cases in which the Plaintiff prevails on some but not all of his claims and the question arises as to whether or not to reduce Plaintiff's attorney fees because he did not prevail on all of his claims. In this case it is not that Plaintiff failed to prevail, he did prevail, however, the question is whether fees should be reduced because some of Plaintiff's claims did not have a fee provision. United

2

States Magistrate John J. O'Sullivan has dealt with this same issue in *Lawrence M. Sclafani v I. C. System, Inc.*, Case No.: 09-60174-Civ-Huck/O'Sullivan (S. D. Fla. March 18, 2010), a copy of which is attached as Exhibit "A". Magistrate O'Sullivan found that none of the fees Plaintiff's counsel requested were incurred after the FDCPA claim was settled, strongly implying that the fees awarded for the litigation up to the point the TCPA claim was eliminated by settlement, would be no different regardless of the presence of a TCPA claim. In *Sclafani*, the FDCPA and FCCPA claims were settled at calendar call, and the TCPA claim proceeded to trial. Plaintiff sought all attorney fees relative to the FDCPA and FCCPA claims only but not the TCPA claims. The facts in this case are similar. In a similar context, dealing with the issue of partial success, the 6th Circuit recently held:

> Litton next argues that the lodestar should be adjusted downward because Dowling was successful on only two FDCPA subclaims, while she was unsuccessful on her remaining FDCPA subclaims and her state law claims, and she waived her claims under RESPA. As noted above, we must apply a strong presumption that the lodestar represents a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). However, where a plaintiff has achieved only partial success, the lodestar method may result in an "excessive amount." Hensley, 461 U.S. at 436. In such a case, we must ask first whether the successful and unsuccessful claims were related. Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 552 (6th Cir. 2008) (citing Hensley, 461 U.S. at 434) If an unsuccessful claim is sufficiently distinct from the claim on which a plaintiff is successful, then the plaintiff is not entitled to fees for work on the unsuccessful claim. Id. Second, we must ask whether the degree of success justifies the fees awarded. Id. The plaintiff is entitled to a full fee award where it is reasonable in relation to the overall recovery. Id.
>
> Claims are related where they arise out of a "common core of facts or are based on related legal theories." Deja Vu v. Metro. Gov't of Nashville &

Davidson County, 421 F.3d 417, 423 (6th Cir. 2005). The district court, having conducted a bench [**12] trial in this matter, was in the best position to determine whether counsel's billable hours could be divided on a claim-by-claim basis. On this point, the court found that Dowling's "claims arose from a common nucleus of facts such that it is impossible to disaggregate the time counsel spent on each one. . . . Although the Court rejected [some of the] claims, [the unsuccessful claims] are so factually and legally interwoven with the FDCPA claims upon which [Dowling] prevailed that the Court cannot divide Smith's hours on a claim-by-claim basis." Dowling III, 2008 U.S. Dist. LEXIS 31669, at *13. This finding is a factual one entitled to appellate deference, and a review of the record before us supports it. All of Dowling's claims--successful and unsuccessful--arose out of the same nucleus of facts. Dowling also presented related legal theories, arguing successfully that Litton misrepresented the status of her loan and unsuccessfully that those misrepresentations caused her to pay unauthorized fees and interest. Therefore, the successful and unsuccessful claims were related both factually and legally, as the district court found. Cf. Imwalle, 515 F.3d at 555.

Litton emphasizes, however, that Dowling had already prevailed on the violations of 15 U.S.C. § 1692c(a)(2) and § 1692e(2)(A) at summary judgment and that she proved no additional statutory violations at trial. In Litton's view, therefore, Dowling was not entitled to attorney's fees for the time spent on trial-related matters. This argument misapplies the law. Where, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award. See DiLaura, 471 F.3d at 673. To the contrary, "awarding fees for services connected with related claims, though the claims prove unsuccessful, 'supports the underlying purpose of . . . encouraging attorneys to take on civil rights actions.'" Jordan v. City of Cleveland, 464 F.3d 584, 604 n.25 (6th Cir. 2006) (quoting Goos v. Nat'l Ass'n of Realtors, 314 U.S. App. D.C. 329, 68 F.3d 1380, 1386 (D.C. Cir. 1995)). Here, the district court's award is consistent with congressional intent that debtors, acting as "private attorneys general," will enforce the FDCPA. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Tolentino, 46 F.3d at 651); see also Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008).

Litton also argues that what it characterizes as Dowling's limited recovery does not justify an award of $ 49,560 in attorney's fees. Although Dowling's unsuccessful claims were related to her successful ones, the

4

award of attorney's fees must still be proportional to her recovery. Granzeier v. Middleton, 173 F.3d 568, 578 (6th Cir. 1999). In determining what is proportional, courts should not employ a strict "mathematical approach." Moore, 355 F.3d at 565-66. Rather, courts should look at "the degree of the plaintiff's overall success." Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)). "A proffer of alternative arguments does not justify reducing an award, especially where . . . success on just one of the arguments would achieve the hoped-for results." Isabel v. City of Memphis, 404 F.3d 404, 416 (6th Cir. 2005).

In this case, Dowling's complaint demanded "damages in excess of $ 25,000" as well as attorney's fees and costs. Although she succeeded on only one of several alternative theories, she achieved the "hoped-for" sum of $ 25,000. The district court also noted that Dowling's recovery was "exceptional" compared to other FDCPA cases. Dowling III, 2008 U.S. Dist. LEXIS 31669, at *14. Given that the Supreme Court has authorized an upward adjustment for exceptional success, see Barnes, 401 F.3d at 745-46, it was not an abuse of discretion to refuse a downward adjustment here.

<u>Dowling v. Litton Loan Servicing LP</u>, 320 Fed. Appx. 442, 448-449 (6th Cir. 2009).

8.      Defendant's Rule 68 Offer of Judgment is somewhat unusual in that it does not resolve the case in full. The offer leaves the TCPA and FCCPA claims unresolved and to be refiled in state Court creating a judicial waste of resources. The apparent goal of this defense technique is to create a burden for Plaintiff in seeking full recovery for Defendants' violative conduct.

9.      Plaintiff's attorney Donald A. Yarbrough has expended a total of 17.12 hours on behalf of Plaintiff. <u>See</u> Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorney's Fees, accompanying this Motion. An itemized account is contained in the Declaration of Donald A. Yarbrough in Support

of Plaintiff's Motion for Award of Costs and Attorneys' Fees. Mr. Yarbrough also seeks 6.75 hours time incurred by his associate, Stacey L. Silva. Thus the attorney fees Plaintiff seeks are appropriate to the litigation of the FDCPA claim. These hours would have been incurred even in the absence of the TCPA and FCCPA claim.

10.    The hourly rate for the services provided by Donald A. Yarbrough is $350.00 per hour.

11.    The reasonable attorney fee for the services of Donald A. Yarbrough in this matter is $5,992.00 (17.12 hours x $350/hour). The reasonable attorney fees for Stacey L. Silva is $1,350.00 (6.75 hours x $200/hour).

12.    Mr. Yarbrough incurred costs and litigation expenses of $2,985.35 in prosecution of this matter. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees. The costs incurred would be no different had the case not alleged violation of the TCPA and FCCPA.

13.    Under the FDCPA, a prevailing Plaintiff is entitled to attorney fees and costs incurred in the litigation of this Motion for Attorney Fees and Costs, and, accordingly, Plaintiff will file a supplemental Declaration once Defendant has filed its opposition and Plaintiff has filed his reply detailing the additional time spent on the preparation and litigation of this motion. In addition, Defendant has failed to satisfy the Judgment entered against it on October 18, 2010 and Plaintiff expects additional attorney's fees and costs will be incurred in effort to obtain satisfaction of the existing Judgment and Plaintiff will include those fees and costs in the supplemental Declaration.

6

14.     Pursuant to S.D. Fla. L.R. 7.3 B(iii), Plaintiff discloses that the terms of his agreement with counsel for payment of attorney's fees and costs are the greater of 40% of any recovery or $350.00 per hour plus costs incurred.

15.     The total reasonable attorney fee for the services of Plaintiff's counsel is $7,342.00 and costs of $2,985.35 for a total of $10,327.35.

**WHEREFORE**, Plaintiff respectfully requests that this Court award reasonable attorney fees for the services of Plaintiff's counsel in the amount of $7,342.00 and costs of $2,985.35 for a total of $10,327.35.

## CERTIFICATION PURSUANT TO RULE 7.3 B

The undersigned has reviewed the time records and supporting data in this matter and this Motion is well grounded in fact and is justified.

s/Donald A. Yarbrough
DONALD A. YARBROUGH

## CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)

As required by the Local Rule amended April 2010, Plaintiff served a draft copy of the Motion and supporting documents on Defendant's counsel on November 15, 2010. Plaintiff's counsel certifies that he then attempted to confer on this motion with Defendant's counsel. Defendant's counsel, Ira S. Silverstein, represented that he had transmitted the draft of the Motion and supporting documents to his client for review and comment and his client never responded.

7

## **VERIFICATION**

I, Donald A. Yarbrough, declare under penalty of perjury, as provided for by the

laws of the United States, 28 U.S.C. §1746, that the foregoing statements are true.

Executed this 14 day of December, 2010
at Fort Lauderdale, Florida

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
 Florida Bar No. 0158658

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60934-Civ-Moreno/Torres

JEFFREY D. BIANCHI,

      Plaintiff,

v.

NATIONWIDE CREDIT, INC.,

      Defendant.

_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 14, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                         s/Donald A. Yarbrough
                         Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Elizabeth R. Wellborn, Esq.
Suite 307
1701 West Hillsboro Blvd
Deerfield Beach, FL 33442
Telephone: 954-354-3544
Facsimile: 954-354-3545

Via Notices of Electronic Filing generated by CM/ECF